IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 24–cv–00857–SKC–MDB

WESLEY MCCONNELL,

      Plaintiff,

v.

ASHLEY SCHULTZ,

      Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court *sua sponte* on *pro se*[1] Plaintiff's failure to file a timely response to the Court's Order to Show Cause. (Doc. No. 15.)

**BACKGROUND**

Plaintiff initiated this case in El Paso County Court on February 1, 2024. (Doc. No. 4.) In his Complaint, Plaintiff asserts claims for defamation and intentional and negligent infliction of emotional distress in connection with allegedly false sexual assault allegations made against him in connection with his service in the Air Force.[2] (*See generally id.*) On March 28, 2024, Defendant removed the case to federal court after the "United States Attorney for the District of

---

[1] Though Plaintiff represents himself in this matter, his Complaint indicates he is an attorney and a "reservist in the United States Air Force Judge Advocate General's Corps." (Doc. No. 4 at ¶ 13.)

[2] Plaintiff also seeks injunctive relief in connection with these claims. (Doc. No. 4 at 10.)

Colorado has certified that MSgt Schultz was acting within the scope of her employment with respect to all acts or omissions that are the subject of this case." (Doc. No. 1 at ¶ 4.) The United States also filed a corresponding motion to substitute itself as the defendant in this matter, which is apparently opposed by Plaintiff. (Doc. No. 7; *id.* at 3 ("Plaintiff opposes the relief sought.").) That motion was referred to the undersigned, upon which the Court set a motion hearing for April 22, 2024. (Doc. Nos. 9; 11.) However, Plaintiff failed to file a response to the motion or appear at the hearing.[3] (Doc. No. 16.)

On April 24, 2024, the Court issued an Order to Show Cause ("OTSC") directing Plaintiff to "show cause, in writing, as to why he should not be held in contempt for his failure to appear at the April 22, 2024, Motion Hearing." (Doc. No. 15 at 2.) The Court further advised Plaintiff, "[i]f the response is not timely filed, the Court will issue sanctions against Plaintiff, which may include, but will not be limited to, a recommendation to dismiss this matter without further notice to the parties." (*Id.*) The docket indicates the OTSC was mailed to the address provided by Plaintiff by the Clerk of Court.[4] (*Id.* ("Copy sent to plaintiff as ordered.").) Plaintiff's deadline to file a response to the OTSC was May 15, 2024. (*Id.* at 2.) To date, Plaintiff has not responded to the OTSC.

**LEGAL STANDARD**

Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

---

[3] The Court has since issued a Recommendation that the motion be granted by the presiding judge. (Doc. No. 18.) Plaintiff failed to file a timely objection to the Recommendation.

[4] The Court notes that the OTSC mailing and several other mailings sent to the address provided by Plaintiff have since bounced back as apparently. (Doc. No. 20.) Plaintiff has not provided the Court with an updated address.

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Furthermore, Rule 16(f) provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference .... or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added).

## ANALYSIS

Although Plaintiff is proceeding without an attorney, he nonetheless bears the responsibility of prosecuting his case with diligence. While a Court must liberally construe *pro se* filings, a litigant's *pro se* status does not relieve her of her obligation to comply with the rules

of civil procedure and the Local Rules of Practice. *Green v. Dorrell*, 969 F.2d 915, 917 (10th

Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

In *Ehrenhaus v. Reynolds*, the Tenth Circuit set forth the factors to be considered when

evaluating grounds for dismissal of an action under Rule 37: "(1) the degree of actual prejudice

to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of

the litigant; (4) whether the court warned the party in advance that dismissal of the action would

be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." 965 F.2d 916,

921 (10th Cir.1992) (internal quotations and citations omitted). "[D]ismissal is warranted when

'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on

their merits.'" *Ecclesiastes 9:10–11–12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th

Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).

First, the Court finds that Plaintiff's neglect of this case has prejudiced Ms. Schultz and

the United States. The United States has appeared and expended time and resources drafting the

substitution motion, and attended the April 22, 2024, motion hearing. Plaintiff failed to respond

to the motion and did not appear for the hearing. It would waste the United States' time and

resources to require it to continue to defend this action when it appears that Plaintiff no longer

has interest in prosecuting it.

Second, Plaintiff's failure to prosecute his case necessarily interferes with the effective

administration of justice. Plaintiffs' failure to comply with the Court's orders to participate in

this case and follow the Federal Rules of Civil Procedure, his failure to respond to the

substitution motion, and failure to respond to the OTSC demonstrate a lack of respect for the

judicial process. Further, "Plaintiff's actions increase the workload of the Court and take its

4

attention away from other matters where the parties have fulfilled their obligations and are deserving of prompt resolution of their issues."[5] *Peters*, 2011 WL 1045297, at *3.

Third, Plaintiff is culpable for his conduct. Though he initiated this action in El Paso County District Court in February, 2024, it does not appear Plaintiff has participated in this case since it was removed to federal court in March. The Court is left to conclude that Plaintiff's disobedience is willful.

Fourth, the Court's OTSC advised Plaintiff that that a failure to respond to the OTSC would result in sanction, "which may include .... a recommendation to dismiss this matter without further notice to the parties." Plaintiff cannot be surprised that his case could be dismissed for failure to prosecute and obey court orders.

Finally, the Court concludes that no sanction less than dismissal would be effective. *See, e.g.*, *Russell v. Radulovich*, No. 22-CV-02845-NYW-NRN, 2024 WL 474390, at *2 (D. Colo. Jan. 4, 2024) (dismissing a case without prejudice where a plaintiff "made no attempt to demonstrate his intent to continue prosecuting this case"); *Coad v. Waters*, No. 11-cv-01564-PAB-CBS, 2013 WL 1767788, at *3 (D. Colo. Apr. 5, 2013), *report and recommendation adopted*, 2013 WL 1767786 (D. Colo. Apr. 24, 2013) (recommending dismissal without prejudice based on the plaintiff's failure to file a notice of change of address, failure to respond to an order to show cause, failure to comply with the Local Rules, and failure to prosecute).

**CONCLUSION**

---

[5] As noted above, it now also appears that Plaintiff has failed to update his mailing address with the Court. *See, e.g.*, *Hancock v. Fagerstedt*, No. 19-CV-00325-DDD-NRN, 2020 WL 2332118, at *2 (D. Colo. Feb. 27, 2020) (recommending dismissal where a plaintiff failed to update his address, attend court hearing, or respond to order to show cause), *report and recommendation adopted,* 2020 WL 2322609 (D. Colo. May 11, 2020).

For the reasons set forth above, it is hereby **RECOMMENDED** that the Order to Show Cause (Doc. No. 15) be made **absolute** and this matter be **DISMISSED without prejudice**.

The Clerk of Court is directed to attempt mail a copy of this Recommendation to Plaintiff at the address on file:

Wesley McConnell
P.O. Box 1067
Palmer Lake, CO 80133

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both

6

timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 28th day of May, 2024.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge