IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:24-cv-00857-SKC-MDB

Wesley McConnell,

    Plaintiff,

v.

Ashley Schultz,

    Defendant.

---

**ORDER ADOPTING REPORTS AND RECOMMENDATIONS
RE: SUBSTITUTION OF DEFENDANT AND DISMISSAL OF ACTION
(DKTS. 18 & 21)**

---

Now before the Court are two Recommendations by Magistrate Judge Maritza Dominguez Braswell. The first recommends that the Court grant the United States' Motion to Substitute the United States as Defendant (Dkt. 7) pursuant to 28 U.S.C. § 2679. Dkt. 18 (Substitution Recommendation). The second recommends that this Court make Judge Dominguez Braswell's earlier Order to Show Cause absolute and dismiss this matter, without prejudice, due to Plaintiff's[1] failure to prosecute. Dkt. 21 (Dismissal Recommendation). As explained below, because the Court has satisfied

---

[1] While Plaintiff proceeds *pro se*, no liberal construction of his pleadings is due because he is a trained attorney. *See Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007).

1

itself that there is no clear error on the face of the record, the Court AFFIRMS and ADOPTS both Recommendations.

## BACKGROUND

This action centers around claims brought by Plaintiff alleging defamation and intentional and negligent infliction of emotional distress related to allegedly false sexual assault allegations made against him in connection with his service in the United States Air Force. *See generally* Dkt. 4. Plaintiff alleges that Defendant Ashley Schultz was a key contributor to his claims. *See id.*

After Plaintiff's case was removed from state court to this one, the United States filed its Motion to Substitute on March 29, 2024, seeking to substitute itself for Ashley Schultz as the sole defendant under 28 U.S.C. § 2679(d). Dkt. 7, p.1. The Motion argues that under the Westfall Act the United States is the only appropriate defendant because Plaintiff's allegations against Ms. Schultz occurred while she was acting as an employee of the United States. *Id.* at p.2. The Motion cited to a Certification of Scope of Employment by the United States Attorney for the District of Colorado filed with the Notice of Removal that certified that "Schultz was acting within the scope of her federal office or employment at the time of the incident out of which the claims arose." Dkt. 1-4.

On April 2, 2024, Judge Dominguez Braswell set a hearing on the Motion for April 22, 2024. Dkt. 11. Plaintiff failed to (i) appear at the hearing and (ii) file a response to the Motion. Dkt. 16. Judge Dominguez Braswell then issued an Order to

2

Show Cause (OSC) to Plaintiff directing him to explain why he should not be held in contempt for failing to appear at the hearing, and advising him that sanctions would issue if his response was not timely. Dkt. 15. The OSC specifically advised that dismissal was a possible sanction. *Id.* Plaintiff did not respond to the OSC.

## FINDINGS AND ORDERS

Both Recommendations advised the parties they had 14 days after service of each Recommendation to serve and file specific written objections to that Recommendation for this Court's consideration, citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). No party filed objections. As a result, they have waived *de novo* review of the Recommendations by this Court. *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985).

When no party files objections, the district court may review a magistrate judge's recommendation under any standard it deems fit. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas,* 474 U.S. at 150 ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court, therefore, reviews the Recommendations to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), 1983 Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, which in turn is less than a *de novo* review. *See* Fed. R. Civ. P. 72(a) and (b).

3

The Substitution Recommendation is detailed and thorough and contains no clear error on the face of the record, and it correctly applies the law. In it, Judge Dominguez Braswell astutely explains, among other things, that the Attorney General may certify that a defendant was acting within the scope of their federal employment at the time of their conduct giving rise to legal claims, and the plaintiff bears the burden of rebutting the scope of employment certification with specific facts. Dkt. 18, pp.1-2 (citations omitted). Judge Dominguez Braswell found that, while Plaintiff had apparently conveyed to the United States that he opposed the relief sought by its Motion, he failed to carry his burden by not responding to the Motion or appearing at the hearing on it. She thus recommended the Motion be granted.

The Dismissal Recommendation is equally detailed and thorough; it also contains no clear error on the face of the record, and it also correctly applies the law. Judge Dominguez Braswell issued the Dismissal Recommendation after Plaintiff failed to appear for a motion hearing and failed to respond to the OSC. Dkt. 21, p.2. The OSC specifically warned Plaintiff that the sanction of dismissal was a possibility. Dkt. 15, p.2.

As is stated correctly and more fully in the Recommendation, Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack

4

> of jurisdiction, improper venue, or failure to join a party under Rule 19–
> operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Although the language of Rule 41(b) contemplates a defendant filing a motion to dismiss, this Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with procedural rules or court orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-33 (1962). And other applicable rules correctly cited in the Recommendation authorize a district court's *sua sponte* dismissal of actions when a plaintiff fails to obey court orders or otherwise prosecute their case. *See* Fed. R. Civ. P. 16(f), 37(b)(2)(A); *see also* D.C.COLO.LCivR 41.1.

As mentioned, this Court has reviewed both Recommendations and the entire record in this case and finds both Recommendations are well-reasoned and a correct application of the facts and the law to the circumstances presented. Finding "no clear error on the face of the record," this Court AFFIRMS and ADOPTS the Substitution Recommendation and GRANTS the Motion to Substitute. The Court ORDERS the United States of America is hereby substituted as the sole defendant in this action.

The Court further AFFIRMS and ADOPTS the Dismissal Recommendation. The Court ORDERS that this case is hereby DISMISSED WITHOUT PREJUDICE, for Plaintiff's failure to prosecute. It is FURTHER ORDERED that the Clerk of Court shall first substitute the United States of America in the case caption for the current named Defendant, and then the Clerk of Court shall terminate this action.

DATED: June 27, 2024.

BY THE COURT:

S. Kato Crews
United States District Judge

6